**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 10-4202**

───────────

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

DAMIAN AURELIUS POLK,

                Defendant - Appellant.


───────────

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  Thomas D. Schroeder,
District Judge.  (1:08-cr-00221-TDS-1)

───────────

Submitted:  November 30, 2010      Decided:  December 3, 2010

───────────

Before WILKINSON, KEENAN, and WYNN, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Christopher A. Beechler, Winston-Salem, North Carolina, for
Appellant.  Graham Tod Green, Assistant United States Attorney,
Winston-Salem, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Damian Aurelius Polk pled guilty, pursuant to a written plea agreement, to conspiracy to distribute fifty grams or more of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 846 (2006). The district court determined that Polk satisfied the requirements for application of the safety valve and sentenced Polk below the statutory mandatory minimum to ninety-two months' imprisonment. Counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he asserts there are no meritorious issues for appeal but questions the reasonableness of Polk's sentence. Polk was notified of his right to file a pro se supplemental brief, but he has not done so. Finding no error, we affirm.

Appellate review of a sentence, "whether inside, just outside, or significantly outside the Guidelines range," is for abuse of discretion. Gall v. United States, 552 U.S. 38, 41 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id. at 51. This court must assess whether the district court properly calculated the advisory Guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 49-50; see also United States v.

2

Lynn, 592 F.3d 572, 576 (4th Cir. 2010) ("[A]n individualized explanation must accompany every sentence."); United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). We may presume a sentence imposed within the properly calculated Guidelines range is reasonable. United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010).

We have reviewed the record with these standards in mind. Our examination leads us to conclude that Polk's sentence is procedurally and substantively sound. Therefore, the district court did not abuse its discretion in imposing the chosen sentence.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Polk, in writing, of the right to petition the Supreme Court of the United States for further review. If Polk requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Polk. We dispense with oral argument because the facts and legal contentions are adequately presented in the

3

materials before the court and argument would not aid the decisional process.

AFFIRMED